PARKER, Justice
(concurring in part and dissenting in part).
In § 8-l-150(a), Ala.Code 1975, the Legislature has clearly articulated the position of the State of Alabama on gambling: “All contracts founded in whole or *971 in part on a gambling consideration are void.” The language could hardly be more explicit. The statute declares that “[a]ll contracts,” not just some, are “void,” not voidable, if those contracts are founded “in whole or in part on a gambling consideration.”
The Jefferson County Racing Association, Inc. (“JCRA”), argues that when a customer buys a cybertime card to engage in the MegaSweeps activity, that customer enters into a contract with JCRA. The back side of the card states: “All rules and regulations are available at Quincy’s Cashier locations,” and “Your participation in this program is your acceptance and agreement with these rules.” Rule 8 of those rules is an arbitration clause. However, the customer does not receive or see this card until after he has purchased it and has thereby entered into this alleged contract.
Even if a contract is formed between JCRA and the customer, and even if that contract does include the posted rules— including the arbitration clause — that contract is, according to § 8-l-150(a), “void.” If, as JCRA insists, the arbitration clause is part of that (void) contract, then the arbitration clause is just as void as the rest of the contract. As distinguished from a voidable contract, a void contract is the same as a nonexistent contract. Mason v. Acceptance Loan Co., 850 So.2d 289, 295 (Ala.2002). JCRA insists that the arbitration clause in the contract confers upon the arbitrator the authority to decide this dispute. But a void or nonexistent contract cannot confer any authority upon anyone.
JCRA relies upon Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 126 S.Ct. 1204, 168 L.Ed.2d 1038 (2006), for the proposition that an arbitrator, not a court, must decide a challenge to the validity and enforcement of a contract containing an arbitration clause. Buckeye Check Cashing involved an allegedly illegal payday loan, but the illegality of the loan, including the rate of interest actually charged, was the disputed issue. There is no dispute in this case as to the illegality of the MegaSweeps scheme. Only two years ago, in Barber v. Jefferson County Racing Association, Inc., 960 So.2d 599 (Ala.2006), this Court clearly and unanimously held that the MegaSweeps scheme constitutes illegal gambling. The illegality of the MegaSweeps scheme is therefore not an issue on the table for either an arbitrator or a trial court to decide.
The main opinion contends that, although the Court in Barber held that the MegaSweeps scheme is an illegal gambling operation, it did not address the effect of that determination upon the legality or voidness of a MegaSweeps contract. This is a distinction with no significance. The Court need not specifically declare a gambling contract void, because the Legislature has already done so. Section 8-1-150(a) is clear: “All contracts founded in whole or in part on a gambling consideration are void.” The logic is simple and unmistakable: All gambling contracts are void; MegaSweeps contracts are gambling contracts; therefore, MegaSweeps contracts are void.
JCRA contends that even if the contract to purchase a MegaSweeps card is a void contract, the arbitration clause is nonetheless severable from the rest of the contract. JCRA’s position is internally inconsistent: It has strenuously argued that the posted rules are part of the MegaSweeps contract, but it now wants this Court to hold that some of the rules, but not all of the rules, are part of the contract. But § 8-l-150(a) is explicit on this point. It declares that “[a¡II contracts founded in whole or in part on a gambling consideration are void.” (Emphasis added.) Had the Legislature intended that some provisions of those contracts not be void, it *972 could have said so in clear terms, but its language is all-encompassing and unmistakable. And subsection (a) continues:
“Any person who has paid any money or delivered any thing of value lost upon any game or wager may recover such money, thing, or its value by an action commenced within six months from the time of such payment or delivery.”
§ 8-l-150(a) (emphasis added). The Legislature has clearly provided that the customer’s remedy for losses in an illegal gambling activity is an action in court, not arbitration provided by a clause in a contract that is void ab initio.
Nevertheless, the main opinion insists that the United States Supreme Court noted in Buckeye Check Cashing that “unless the challenge is to the arbitration clause itself, the issue of the contract’s validity is considered by the arbitrator in the first instance.” 546 U.S. at 445-46, 126 S.Ct. 1204. However, Buckeye Check Cashing did not extend to a fact situation like the one here. In determining what kinds of contracts must be submitted to arbitration, the Supreme Court stated that “[t]here can be no doubt that ‘contract’ as used this last time [referring to its use in Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 412-13 (1967),] must include contracts that later prove to be void.” Buckeye Check Cashing, 546 U.S. at 448, 126 S.Ct. 1204. In this case, the Mega-Sweeps contract has already been proven void by the legislative declaration followed by the judicial determination. I therefore believe that this case can be distinguished from Buckeye Check Cashing.
Finally, I note that the posted Quincy’s MegaSweeps Official Sweepstakes Rules declare themselves to be “[v]oid where prohibited by law.” This declaration is found at the beginning of the rules in Paragraph 1 and appears to apply to the entire rules. Paragraph 2 provides that “[t]he Sweepstakes is subject to all federal, state and local laws and regulations, including without limitation Ala.Code § 8-19D-1 et seq. and Ala. Atty. Gen. Ops. 1999-28 and 2005-173.” The rules contain no severability clause or any other language that would suggest that the void-where-prohibited-by-law provision applies to anything less than the entire set of rules. If, as JCRA insists, the rules are part of the contract, then by operation of the rules themselves, the arbitration clause is void.
Because I believe that a void and illegal contract cannot confer authority upon an arbitrator, and because I believe that the facts of this case — a “contract” consisting of a card the customer receives only after paying for it, a contract that allegedly incorporates rules that declare themselves “[v]oid where prohibited by law,” and a statute that not only declares such contracts void but also provides that an action in court is the customer’s remedy — present a situation not contemplated in Buckeye Check Cashing, I dissent as to that holding of the majority.
However, when a trial court orders a case to arbitration, the court should stay the proceedings rather than dismiss the case, so that the court can reassume jurisdiction if the parties change their minds about arbitration, if the arbitration process breaks down, or if a party needs to enforce an arbitration agreement or award in court, or to toll the statute of limitations. Accordingly, I concur with the majority’s ruling that the trial court exceeded its discretion in dismissing Johnson’s complaint, and I agree with the majority that the proper course would have been for the trial court to stay the action pending arbitration.